IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST, | ) ) | Case No. 4:10-cv-00052 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ZOOLOGICAL FOUNDATION OF GEORGIA, INC. d/b/a ZOO ATLANTA, DEMOCRATIC REPUBLIC OF CONGO, JAPAN MONKEY CENTER INSTITUTE AND MUSEUM OF PRIMATOLOGY, and SUE SAVAGE-RUMBAUGH, Ph.D. | ) ) ) ) ) ) ) | **ANSWER OF DEFENDANT SUE SAVAGE-RUMBAUGH, Ph.D. TO COMPLAINT FOR INTERPLEADER** |
| Defendants. | ) ) | |

COMES NOW the Defendant, Dr. Sue Savage-Rumbaugh, Ph.D ("Dr. Savage-Rumbaugh"), by and through her undersigned counsel, for her Answer to the Complaint for Interpleader of the Iowa Primate Learning Sanctuary d/b/a Great Ape Trust ("Great Ape Trust"), and hereby states as follows:

## I. NATURE OF ACTION, JURISDICTION, AND VENUE

1. Dr. Savage-Rumbaugh admits the allegations of paragraph 1 of the Complaint.

2. Dr. Savage-Rumbaugh admits the allegations of paragraph 2 of the Complaint.

3. Dr. Savage-Rumbaugh admits the allegations of paragraph 3 of the Complaint.

4. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 4 of the Complaint.

5. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 5 of the Complaint.

## II. THE PARTIES

6. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 6 of the Complaint.

7. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 7 of the Complaint.

8. Dr. Savage-Rumbaugh admits the allegations of paragraph 8 of the Complaint.

9. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 9 of the Complaint.

10. Dr. Savage-Rumbaugh admits the allegations of paragraph 10 of the Complaint.

## III. STATEMENT OF FACTS

11. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 11 of the Complaint.

12. Dr. Savage-Rumbaugh admits upon information and belief the allegations of the first sentence of paragraph 12 of the Complaint, except avers upon information and belief that Matata was approximately 5 years old in 1975 and a juvenile. Dr. Savage-Rumbaugh admits the allegations of the second sentence of paragraph 12 of the Complaint, and further avers that one of the three bonobos delivered to Yerkes was Matata; and further avers upon information and belief that Matata was loaned, but never donated, to Yerkes, by the Republic of Zaire.

13. Dr. Savage-Rumbaugh admits upon information and belief the allegations of the first and second sentences of paragraph 13 of the Complaint. Dr. Savage-Rumbaugh admits the allegations of the third sentence of paragraph 13 of the Complaint.

14. Dr. Savage-Rumbaugh denies the allegations of paragraph 14 of the Complaint, and avers upon information and belief that title to Matata was never transferred to Yerkes by co-defendant DRC, or its predecessor Zaire, or any other nation or entity, and further avers upon

information and belief that co-defendant Zoo Atlanta has never provided monies toward the care, feeding or housing of Matata, nor has Matata ever resided at Zoo Atlanta.

15. Dr. Savage-Rumbaugh denies the allegations of paragraph 15 of the Complaint, except admits that Matata continued to live at GSU after April 25, 2000.

16. Dr. Savage-Rumbaugh admits the allegations of paragraph 16 of the Complaint and refers the Court to Exhibit D to the Complaint for its content and meaning.

17. Dr. Savage-Rumbaugh admits the allegations of paragraph 17 of the Complaint and refers the Court to Exhibit D to the Complaint for its content and meaning.

18. Dr. Savage-Rumbaugh admits the allegations of paragraph 18 of the Complaint.

19. Dr. Savage-Rumbaugh admits the allegations of paragraph 19 of the Complaint.

20. Dr. Savage-Rumbaugh denies the allegations of paragraph 20 of the Complaint, and avers that Exhibit F fails to evidence the agreement alleged.

21. Dr. Savage-Rumbaugh admits the allegations of paragraph 21 of the Complaint and avers that Dr. Savage-Rumbaugh's ownership interests in certain bonobos, including P-Suke and Maisha, respectively, were intended to be transferred to plaintiff, Great Ape Trust, and refers the Court to Exhibit G for its content and meaning.

22. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 22 of the Complaint, and refers the Court to Exhibit H to the Complaint for its content and meaning.

23. Dr. Savage-Rumbaugh denies the allegations of paragraph 23 of the Complaint, and avers upon information and belief that co-defendant Zoo Atlanta had no colorable property interest in Matata or Maisha giving it the right to loan either bonobo to anyone for any purpose.

24. Dr. Savage-Rumbaugh denies the allegations of paragraph 24 of the Complaint and avers upon information and belief that co-defendant Zoo Atlanta had no colorable property interest in Matata or Maisha giving it the right to loan either bonobo to anyone for any purpose.

25. Dr. Savage-Rumbaugh admits upon information and belief the allegations of paragraph 25 of the Complaint and avers that Dr. Mwanza Ndunda, in his capacity as a representative of the government of DRC or on behalf of DRC, from time to time has asserted to Dr. Savage-Rumbaugh that Matata remains the exclusive property of the Congolese government.

26. Dr. Savage-Rumbaugh admits upon information and belief the allegation of paragraph 26 of the Complaint that Dennis Kelly sent a letter purporting to terminate the July 8, 2009 lending agreements and directing delivery of Matata and Maisha to the Milwaukee Zoo, and refers the Court to Exhibit N to the Complaint for its content and authenticity.

27. Dr. Savage-Rumbaugh admits the allegations of paragraph 27 of the Complaint.

28. Dr. Savage-Rumbaugh denies that co-defendant JMC may have a legal claim to Maisha, and otherwise denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint.

29. Dr. Savage-Rumbaugh admits the allegations of paragraph 29 of the Complaint.

30. Dr. Savage-Rumbaugh admits the allegations of paragraph 30 of the Complaint.

## COUNT I - INTERPLEADER

31. Dr. Savage-Rumbaugh reasserts and realleges paragraphs 1 through 30 of this Answer as if fully set forth herein.

32. Dr. Savage-Rumbaugh states that responsive pleading is required to paragraph 32 of the Complaint or to the Prayer for Relief contained therein.

## COUNT II - INJUNCTION

33. Dr. Savage-Rumbaugh reasserts and realleges paragraphs 1 through 32 of this Answer as if fully set forth herein.

34. Dr. Savage-Rumbaugh states that no responsive pleading is required to paragraph 34 of the Complaint or to the Prayer for Relief contained therein.

## PRAYER

For these reasons, defendant Dr. Savage-Rumbaugh asks the Court to determine that Great Ape Trust is the lawful owner of Maisha, and if not, then defendant Dr. Savage-Rumbaugh; that co-defendant the Democratic Republic of the Congo is the lawful owner of Matata; and that neither co-defendant Zoo Atlanta nor co-defendant Japanese Monkey Centre has any enforceable ownership interest in either Matata or Maisha; and to enter all other orders and judgments that are necessary to continue Matata and Maisha in residence at Great Ape Trust.

Respectfully submitted,

DATED: September 10, 2010    FAEGRE & BENSON LLP

/s/ Todd P. Langel
Todd P. Langel
Andrew R. Anderson
801 Grand Avenue, Suite 3100
Des Moines, IA 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
tlangel@faegre.com
aanderson@faegre.com

-and-

KAYE SCHOLER LLP

William C. Zifchak*
425 Park Avenue
New York, NY 10022
Tel: 212-836-8743
Fax: 212-836-6743
Cell: 347-525-5143
wzifchak@kayescholer.com
*pro hac vice admission pending

ATTORNEYS FOR DR. SUE SAVAGE-RUMBAUGH, PH.D.

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing **Answer of Defendant Sue Savage-Rumbaugh, Ph.D to Complaint for Interpleader** was served upon the following parties through the court's CM/ECF electronic filing system on the 10th day of September, 2010.

/s/ Todd Langel

Jaki K. Samuelson
B. MacPaul Stanfield
Whitefield & Eddy, PLC
317 Sixth Avenue, Suite 1200
Des Moines, Iowa 50309

Gregory M. Lederer
Kimberly K. Hardeman
Lederer Weston Craig, PLC
118 Third Avenue Se, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406-1927

The undersigned hereby certifies that a true copy of the foregoing **Answer of Defendant Sue Savage-Rumbaugh, Ph.D to Complaint for Interpleader** was served upon the following parties by mail on the 10th day of September, 2010.

/s/ Todd Langel

Democratic Republic of Congo
Ministry of Foreign Affairs
P.O. Box 7100
Foreign Minister for DRC, Kinshasa

Nicolas Mwanza Ndunda, Ph.D.
Secretary General, Centre de Recherché en Ecologie et Foresterie
DRC Ministry of Education and Scientific Research
Kinshasa, Democratic Republic of Congo

Japan Monkey Centre Institute and Museum of Primatology
26 Kanrin, Inuyama, Aichi
484-0081, Japan

fb.us.5715362.05