# KAYE SCHOLER LLP

William C. Zifchak
212.836.8743
wzifchak@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212.836.8000
Fax 212.836.6743
www.kayescholer.com

December 6, 2011

Hon. James E. Gritzner
Chief Judge
U.S. District Court for the Southern District of Iowa
123 East Walnut Street
Des Moines, Iowa 50309

> Re:  Iowa Primate Learning Sanctuary d/b/a Great Ape Trust of
> Iowa adv. Dr. Sue Savage-Rumbaugh et al.
> Case No. 4:10-cv-00052-JEG-RAW

Dear Chief Judge Gritzner:

I write as counsel in this matter to co-defendant Dr. Sue Savage-Rumbaugh ("Dr. Rumbaugh") to request an emergency status conference.

Your Honor will recall that this is an action in interpleader to determine the lawful ownership of at least two of the bonobos that have been residing at the Great Ape Trust of Iowa ("the Trust") since in or about 2004, Matata and her son, Maisha. The action was filed by the Trust in February 2010; in June 2010, co-defendant Zoo Atlanta made a motion to have the Milwaukee Zoo appointed as interim receiver for Matata and Maisha; however, in large part owing to the affidavit in opposition of Dr. Rumbaugh dated July 30, 2010, Zoo Atlanta withdrew that motion on January 20, 2011. For reasons not fully explained by the Trust, the matter has been inactive since that time.

Your Honor may be aware that Mr. Ted Townsend, the founder and benefactor of the Trust, has recently resigned as Chairman of the Board of the Trust, and has announced that he will withdraw further major funding for the Trust after December 31. Although a new Board has been installed, it is unclear whether in fact it will be permitted to, or be able to, raise sufficient funds, or adopt an operating budget, in time to sustain the Trust for the foreseeable future.

Dr. Rumbaugh has recently brought to my attention evidence strongly suggestive that Trust personnel are preparing to sedate, cage, and ship the bonobos, and presumably including Matata and Maisha, to another location and to shut down the Trust for all intents and purposes. It has been reported that a Trust manager admitted this to the new Chairman of the Board, Professor Ken Schweller, late last week. Among other things, a move or transfer of custody of the bonobos would appear to be contrary to the conditions imposed on the Trust by the 2004 Transfer Agreements premised on which certain of the bonobos were donated to the Trust by Dr. Rumbaugh and Georgia State University, respectively (see Exhibits E and H to

KAYE SCHOLER LLP

Hon. James E. Gritzner                     - 2 -                      December 6, 2011

Interpleader Complaint).  It is our understanding that any such move would be sanctioned and overseen by the federal Office of Laboratory Animal Welfare.

Among other things, Dr. Rumbaugh has observed the recent movement on campus of equipment that is designed for the specific purpose of boxing and transporting bonobos in interstate commerce: relocation crates, transport cages and trailers.  She also notes that changes to the bonobos' diet and daily regimen have been implemented that are consistent with preparation for their being moved.  Dr. Rumbaugh as well as Elizabeth Pugh, a long-term staff employee at the Trust, since mid-November have been denied their usual access to the Trust Laboratory in which the bonobos are housed, for reasons the Trust refuses to explain to them.  Further, despite Dr. Rumbaugh's world renown as a language research scientist[1], her fund-raising efforts for the Trust repeatedly have been blocked by certain rival forces within the Trust.  Lastly, also in mid-November, the infant bonobo, Teco, was deliberately injured, specifically his 2 heels were slashed apparently with a sharp object, presumably by a Trust representative, which suggests that the welfare of the entire colony of bonobos, including Matata and Maisha, is now at grave risk.

Aside from the fact that any move of bonobos during the Iowa winter presents a severe danger to their health and that the separation of Matata and Maisha from the rest of the bonobo colony presents similar threats to the bonobos' well-being -- facts which were emphasized by the Trust itself in July 2010 in opposing Zoo Atlanta's receivership motion[2] -- more to the point, any move of Matata and Maisha out of the jurisdiction, and certainly any transfer of their custody to a third party before a decision on the merits, is a direct affront to the authority of this court in this action.

Accordingly, we respectfully request an emergency status conference of counsel, where we would ask that the Court instruct Jaki Samuelson, counsel to the Trust in this action, to confirm or dispel these accusations on the record.  And in the event that Ms. Samuelson cannot deny that preparations, even contingent, have been underway to relocate or transfer custody of the bonobos, including Matata and Maisha, away from the Great Ape Trust without this court's permission, we intend to move the Court promptly for an order:

---

[1]   The court can well take judicial notice that Dr. Rumbaugh was selected by Time Magazine as one of the 100 most influential people in the world in its "The 2011 Time 100" issue, published on April 21, 2011.

[2]   In its resistance to Zoo Atlanta's receivership motion, the Trust averred that "moving the bonobos before completion of the underlying interpleader action would do *more harm than good* (Plaintiff's Resistance to Application, July 30, 2010, ¶ 13 (italics in original). No circumstance has arisen since July 2010 to call into question this assertion.

# KAYE SCHOLER LLP

Hon. James E. Gritzner                    - 3 -                    December 6, 2011

1. Barring relocation of the bonobos or transfer of their custody away from the Trust until the Interpleader action is decided on the merits;

2. Ordering the Trust to preserve and disclose to the court whatever plans, organizational and financial, have been made by the Trust or persons purporting to act for the Trust to provide for the future safety and welfare of the bonobos and what agreements or understandings may have been reached with third parties concerning custody of the bonobos;

3. Ordering that funding for Trust operations be continued at least to the extent of maintaining the bonobos consistent with the 2004 Transfer Agreements pending a determination on the merits;[3]

4. Appointing Dr. Rumbaugh or her newly formed non-profit, Bonobo Hope, the interim receiver of the bonobos, including Matata and Maisha, with full authority to provide for their safety and welfare, to accomplish necessary fund-raising and to hire, fire and administer staff, at a fair compensation to be set by this Court and paid or advanced by the Trust or if necessary Mr. Townsend individually;

5. In the alternative requiring that the Trust, or Mr. Townsend individually as the alter ego of the Trust, post a $15 million bond to adequately protect the property interests of the co-defendants in bonobos that all parties to this action agree are "priceless"; and

6. Granting such other relief as to this Court seems just and proper, including an appropriate restraining order pending the determination of a motion seeking the above relief.

Because we understand that the Office of Laboratory Animal Welfare, a division of the National Institute of Health, may have the authority to order a move of the bonobos under normal circumstances, we are copying OLAW's Director on this letter and ask that the letter be referred to OLAW's legal counsel.

---

[3] Although currently beyond the scope of the Interpleader complaint, we note that in the event that the 2004 Transfer Agreements are nullified for any reason, Dr. Rumbaugh's ownership rights in Nyota and Elykia, as well as Maisha, and therefore to Teco, Elykia's offspring, would rematerialize. Thus Dr. Rumbaugh has a vital interest in the fate of at least 4 of the 8 bonobos housed at the Trust campus.

**K**AYE SCHOLER LLP

Hon. James E. Gritzner                    - 4 -                    December 6, 2011

Thank you for Your Honor's attention to this request.

Respectfully,

*William C. Zifchak*

William C. Zifchak

cc:   Jaki Samuelson, Esq.
      Todd Langel, Esq.
      Kimberley Hardeman, Esq.
      William Graham, Esq.
      Dr. Patricia Brown, Office of Laboratory Animal Welfare ("OLAW"), NIH (via e-mail)
      Dr. Edward Finnerty, Institutional Animal Care and Use
              Committee ("IACUC") (via e-mail)
      Dr. Sue Savage-Rumbaugh (via e-mail)
      Lyle Simpson, Esq. (via e-mail)