IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>ZOOLOGICAL FOUNDATION OF GEORGIA, INC. d/b/a ZOO ATLANTA, DEMOCRATIC REPUBLIC OF CONGO, JAPAN MONKEY CENTRE INSTITUTE AND MUSEUM OF PRIMATOLOGY, and SUE SAVAGE-RUMBAUGH, Ph. D.,<br><br>      Defendants. | Case No. 4:10-cv-00052<br><br>COMBINED MOTION TO STRIKE AND TO SET SCHEDULING CONFERENCE |

      COMES NOW the Interpleader Plaintiff, Iowa Primate Learning Sanctuary d/b/a Great Ape Trust of Iowa ("Trust"), and for its Combined Motion to Strike and for Scheduling Conference, respectfully states as follows:

MOTION TO STRIKE

    1. On December 6, 2011, Attorney William Zifchak, on behalf of Defendant Sue Savage Rumbaugh, filed a letter ("Letter") with the Court that, among other things: requests a status conference; makes assertions, many of them incorrect and inflammatory, concerning the Trust and the apes who reside there; and contains threats of future action if certain demands made in the Letter are not met.

    2. The Letter fails to conform with Rules 7 and 10 of the Federal Rules of Civil Procedure and Local Rule 7, and is an improper form to request relief from this Court.

3. Neither Mr. Zifchak, nor local counsel for Dr. Savage-Rumbaugh, Todd Langel, contacted the undersigned counsel for the Trust prior to filing the letter, to determine whether the Trust opposes their request for a status conference or regarding their current alleged concerns about possible relocation of apes and ape welfare, as is required by Local Rule 7. Had they done so, they would have been advised:

    a.    The Trust has no objection to a status conference;

    b.    The newly appointed Board and Interim Director of the Trust are working to transition the Trust to new leadership, a revised organizational structure, and a new budget. The Trust's most important priorities are the welfare of the apes and the perpetuation of language research with the bonobo colony that resides at the Trust.

    c.    The Trust does not intend to relocate any of the apes. In the unanticipated event that funding issues dictate consideration of relocation, such an effort would not be undertaken surreptitiously, as suggested in the Letter, but with appropriate notice to all regulatory authorities and to this Court and the parties to this action, if and to the extent that they may then have an interest in Matata and Maisha.

    d.    Matata and Maisha, as well as the other apes who reside at the Trust, are well cared for. The Trust passed an inspection conducted by the Institutional Animal Care and Use Committee (IACUC), an independent body charged with regulation of ape welfare, on December 2, 2011.

4. Much of what is alleged and threatened in the Letter is not only without basis, it is outside the scope of this action, the purpose of which is to determine the ownership of Matata and Maisha. The apparent purpose of the Letter's inclusion of untrue, irrelevant, and inflammatory allegations, is to generate unfounded bias and prejudice against the Trust.

5. Since the Letter is an improper form at requesting relief from this Court and contains allegations and threatened requests for relief that are irrelevant to, and beyond the scope of, this action, it should be stricken.

## REQUEST FOR SCHEDULING CONFERENCE

6. Since it withdrew its motion for a receiver in January, 2011, Defendant, Zoological Foundation of Georgia, Inc., d/b/a Zoo Atlanta, ("Zoo Atlanta") has agreed to abandon its claim to ownership of Matata and Maisha in exchange for dismissal of Zoo Atlanta from this action.  Closure of that agreement has been delayed due to a stalemate regarding the language to be included in the Settlement Agreement.

7. There has been ample time for any party, including the international parties, to assert any claims they may have to ownership of Matata and Maisha or to request discovery related to ownership.

8. Deadlines should be established for motions to address the ownership of Matata and Maisha and for a trial, should one be necessary, to resolve, once and for all, ownership issues with respect to both apes.

WHEREFORE, the Trust respectfully prays that the Court strike from the record in this matter, the Letter from William Zifchak dated December 6, 2011, and set a scheduling conference, at which time a trial date and necessary pretrial deadlines can be established.

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309-4195
Phone: 515-288-6041
Fax: 515-246-1474

By: /s/
Jaki K. Samuelson           AT0006940
samuelson@whitfieldlaw.com

By /s/
B. MacPaul Stanfield        AT0007422
stanfield@whitfieldlaw.com

ATTORNEYS FOR PLAINTIFFS, GREAT APE TRUST

Electronically filed.

Service List:

Gregory M. Lederer
Kimberly K. Hardeman
LEDERER WESTON CRAIG, PLC
118 Third Avenue SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406-1927

ATTORNEYS FOR ZOOLOGICAL FOUNDATION OF GEORGIA, INC., D/B/A ZOO ATLANTA

William C. Zifchak
KAYE SCHOLER
425 Park Avenue
New York, NY 10022-3598

ATTORNEY FOR SUE SAVAGE RUMBAUGH

William W. Graham
317 6th Avenue, Suite 900
Des Moines, IA 50309
ATTORNEY FOR DEMOCRATIC REPUBLIC OF CONGO

Japan Monkey Centre Institute and Museum of Primatology
26 Inuyama, Kanrin, Aichi
484-0081, Japan

DEFENDANTS

| CERTIFICATE OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on December 7, 2011. |
| By: ☐ U. S. Mail ☐ FAX<br>☐ Hand Delivered ☐ Overnight Courier<br>☐ Certified Mail  X Other: CM/ECF<br>International Mail |
| Signature: /s/ Julie R. McCain |