# KAYE SCHOLER LLP

William C. Zifchak
212.836.8743
wzifchak@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212.836.8000
Fax 212.836.6743
www.kayescholer.com

December 8, 2011

Hon. James E. Gritzner
Chief Judge
U.S. District Court for the Southern District of Iowa
123 East Walnut Street
Des Moines, Iowa 50309

> Re: Iowa Primate Learning Sanctuary d/b/a Great Ape Trust
> of Iowa adv. Dr. Sue Savage-Rumbaugh et al.
> Case No. 4:10-cv-00052-JEG-RAW

Dear Chief Judge Gritzner:

We have the motion to strike filed purportedly on behalf of the plaintiff Great Ape Trust ("Trust") in this matter, by Jaki Samuelson, on December 7.

This will reply to certain of the misstatements, and comment upon the omissions, in that motion:

1. The motion mischaracterizes our letter to draw attention away from its import. We know of no Rule requiring consultation with all other counsel before requesting a status conference, much less an emergency status conference. In any case, as explained below, there has been constructive compliance with Local Rule 7. However, I take full responsibility for any deemed non-compliance with Local Rule 7 and apologize to the Court for the oversight.

2. Ms. Samuelson representations at Paragraph 3 purportedly on behalf of the Trust and which we had requested in our letter to the Court, are carefully worded not to tell the entire story: as we stated in our letter, a representative of the outgoing Trust administration advised the new Chair, Dr. Schweller, on or about December 3, that preparations indeed were in motion to move the bonobos from the Trust, by December 15. Ms. Samuelson nowhere addresses this. And by her own admission, removal of the bonobos remains a possibility on "notice" "to this Court." Thus the issue must be addressed by this court in a timely fashion: if any of the co-defendants named in this interpleader action own Matata or Maisha – and no one seriously disputes that Matata belongs to the Democratic Republic of the Congo – then the Trust cannot move the bonobos willy-nilly without this court imposing proper restrictions or blocking the move altogether pending a trial. We were also concerned to learn that despite the central importance of this matter to the Trust, Dr. Schweller was not provided a draft of the motion to strike and thus did not approve its text. This raises a serious question, to be addressed at any status conference, whether Ms. Samuelson's law firm is still taking its marching orders from Mr. Townsend, who resigned as Chair on November 10, or his remaining sole ally on the new

**KAYE SCHOLER LLP**

Hon. James E. Gritzner        - 2 -        December 8, 2011

Board, James Aipperspach, in which case her firm may well have a conflict of interest, because Mr. Townsend may be adverse to the Trust as this litigation unfolds.

       3.        Accordingly, these ambiguities must be ironed out, and we respectfully renew our request for an emergency status conference. I can also now report that co-defendant Democratic Republic of the Congo, by its counsel, William Graham, joins in Dr. Rumbaugh's request.

       4.        It is frankly a misrepresentation for Ms. Samuelson to say that our letter requesting an emergency status conference raises issues as to "relocation of apes and ape welfare" at the Trust that were not previously brought to the attention of counsel or, by implication, the Trust; in fact these very issues were raised with Ms. Samuelson as well as the new Board of Directors, repeatedly in November and December. Thus, on November 15, I wrote 3 emails to Ms. Samuelson expressing our concern over Dr. Rumbaugh's being locked out of the Laboratory (an obvious precondition to preparation of bonobos to be moved without Dr. Rumbaugh's knowledge) and Baby Teco's health in her absence; and then 3 additional emails on November 17 expressing alarm over the injuries to Baby Teco that appeared to be deliberately inflicted in the Lab, together with photographs of the injuries. Ms. Samuelson has not further responded to any of my November emails. Furthermore, Dr. Rumbaugh has been in a regular dialogue with the new Chair, Dr. Schweller, about the threatened move of the bonobos and the continuing threats and physical abuse directed at Baby Teco and the other bonobos. It was only after Dr. Schweller revealed to Dr. Rumbaugh that a move of the bonobos indeed had been planned by the outgoing Trust leadership and could not be ruled out in the future -- thus threatening a removal of Matata and Maisha in defiance of this court's jurisdiction -- that we had no choice but to write to the court requesting an emergency status conference. In any case, we respectfully oppose the motion to strike on grounds, among others, of de facto compliance with the court rules, and that the motion to strike may not have been approved by the Trust's new Board of Directors.[1]

       5.        Dr. Rumbaugh indeed does intend at this time to proceed with discovery on the interpleader complaint. We therefore do not oppose the Trust's motion to set a scheduling conference and we are available for a scheduling conference at the Court's earliest convenience.

---

[1] I am advised by Dr. Rumbaugh that Dr. Schweller, who was provided a copy of our letter to the court by Dr. Rumbaugh as a courtesy, expressed no objection to her request for an emergency status conference.

**KAYE SCHOLER LLP**

Hon. James E. Gritzner — 3 — December 8, 2011

    We thank the Court for its attention.

                              Respectfully,

                              William C. Zifchak

cc:    Jaki Samuelson, Esq.
       Todd Langel, Esq.
       Kimberley Hardeman, Esq.
       William Graham, Esq.
       Dr. Patricia Brown, Office of Laboratory Animal Welfare ("OLAW"), NIH (via e-mail)
       Dr. Edward Finnerty, Institutional Animal Care and Use
          Committee ("IACUC") (via e-mail)
       Dr. Sue Savage-Rumbaugh (via e-mail)
       Lyle Simpson, Esq. (via e-mail)