# EXHIBIT D

## Zifchak, William

**From:** Lyle Simpson [lsimpson@iowafirm.com]
**Sent:** Wednesday, December 18, 2013 6:23 PM
**To:** Zifchak, William
**Subject:** Iowa Primate Learning Sanctuary

Bill

A voice out of your past. I have a very novel question to ask you.

Sue Rumbaugh, as you know, has serious swings in her emotional outlook on life that vary dramatically typically in the course of a year. Right now she is in a very high manic state and thinks that she can do anything and is out to prove it. Last spring she had a fall, went into or was in a deep depression, and simply walked away from IPLS unannounced, stayed in New Jersey with Duane, and did not return until last month and proceeded to create all sorts of havoc. That is a bit beside the point other than to say that it may justify why this happened. Early last year before she hit bottom Sue, as registered agent for both IPLS and Bonobo Hope, received the state announcement with the pin numbers that are necessary for filing the annual corporation reports on line with the Iowa Secretary of State, but either threw them away or lost them. We were unaware of the problem until the Iowa Attorney General ended the corporation this summer because Sue simply failed to file the one page report saying the corporation is still alive, signing it, and paying a $25 filing fee. Therefore, IPLS has been operating without a corporate shield since. We cannot risk having that continue.

Sue did the same thing for Bonobo Hope but that corporation I did get restored. I could not get Iowa Primate Learning Sanctuary restored without paying a $75,000 lien placed upon the corporation by Iowa Job Services because the state had to pay out unemployment checks to folks who lost their jobs when Ted Townsend cut off his funding IPLS. It turns out that Bill Fields was not paying unemployment taxes on his payroll so IPLS was self-insured. IPLS has no money to reimburse the state.

My solution is to combine the announcement of the newly appointed successors for Sue as IPLS Science Directors. Sue and Duane nominated them, they were approved by IPLS, and Bonobo Hope elected them. With their new focus on science research, under a new corporation name, we can make a media event out of it. We will transfer the real estate and the bonobos rights of IPLS to the new corporation. The new entity will assume the responsibility for the bonobos that IPLS assumed. There are several other reasons for doing this to clean up IPLS that was left with debt and uncompleted issues by Ted's organization that the new entity will not accept.

My question to you is whether IPLS needs US District Court approval to do this? Or can IPLS simply make an assignment with the new corporation acknowledging their responsibility to fulfill the obligations of IPLS as it relates to the bonobo? We want to do it right. We would not be doing this if Sue would have told us she did not do what she had been doing annually before the Attorney General acted. However the facts are as they are. As a corporate attorney the only affordable way I can think to handle this is with a new entity since we have an entirely new board and new officers. There is good reason to do this; and this is the appropriate time to do this.

Do you have an opinion, or any thoughts to recommend? Would you be willing to review the transfer documents to make sure that you are satisfied that the rights of everyone remain exactly as they are today?

1

Thanks for taking the time to hear me out on this novel problem. I look forward to hearing from you.

Lyle



**Lyle L. Simpson**
**Simpson, Jensen, Abels, Fischer & Bouslog, P.C.**
**The Equitable Building**
**604 Locust Street, Suite 222**
**Des Moines, Iowa 50309-3723**
**Telephone: (515) 288-5000 (ext. 151)**
**Mobile: (515) 202-7777**
**Facsimile: (515) 288-7718**
**E-mail: lyle@iowafirm.com**
**Website: www.iowafirm.com**

CONFIDENTIALITY NOTICE: This e-mail and any attached documents, is covered by the Electronic Communications Privacy Act, 18 USC 2510-2521, and contains information from the law firm of Simpson, Jensen, Abels, Fischer & Bouslog, PC which may be confidential and/or legally privileged. These materials are intended only for the personal and confidential use of the addressee identified above. If you are not the intended recipient or an agent responsible for delivering these materials to the intended recipient, you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmitted information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender, and then please, delete the message. Thank you.
IRS CIRCULAR 230 DISCLOSURE: Although this written communication (including attachments) may address certain tax issues, it is not intended to constitute a reliance opinion as described in IRS Circular 230 and, therefore, it cannot be relied upon by itself to avoid any tax penalties.