# EXHIBIT L

# Zifchak, William

**From:** Lyle Simpson [lsimpson@iowafirm.com]
**Sent:** Monday, June 02, 2014 2:08 PM
**To:** Zifchak, William; 'lylesimpson@gmail.com'; 'geocaudill@aol.com'; 'jtaglial@kennesaw.edu'
**Cc:** William Miller (miller.william@dorsey.com); Brian A. Melhus (melhus.brian@dorsey.com)
**Subject:** RE: Response to your question. I could not get my computer to reply to all from your message. You will have to circulate this to whomever you deem appropriate

Bill

You and I talked about it on the telephone last February when you were discussing the federal case. You were then claiming that the ACCI people were not on the Bonobo Hope board. To counter your (Sheila's) argument, I told you then that IPLS had never voted on approving the stipulation and that they had never voted to transfer ½ interest in the bonobos when IPLS and Bonobo Hope separated. My recommendation was neither of us go down those paths. I told you then that if litigation continued that I would recommend ACCI raising the question of Bonobo Hope assuming any dominion over the bonobo. I was hoping that Bonobo Hope could contribute to the science efforts but they have never generated any proposals. They have been good in an advisory role when their opinion has been asked. Therefore, I saw no reason to change anything at that time.

Julie signed the settlement agreement because Sue asked her to do so. Paul Burns apparently never asked for a board vote and I was not a party to that exercise except to receive a copy of the agreements. To the best of my knowledge I was not included in most of the e-mails having to do with that litigation, and only found out that no vote was taken when I asked to see a copy of any e-mail exchanges regarding the litigation. I had nothing to do with the law suit and was not a party and did not advice Bonobo Hope on anything having to do with the lawsuit so I have no idea how you could make that assertion. Bonobo Hope was not a party to the law suit, never was. Sue was represented by you and she signed for Bonobo Hope. No one asked me my legal opinion. You did not need a third attorney to be involved. I was never an attorney involved in that lawsuit. I did wonder how Bonobo Hope became a party to the stipulation and side agreement exercise. However, I did not study the settlement agreement and stipulation because I had no involvement and both parties were represented. I did look at it. I did not see anything in there that hurt Bonobo Hope or I would have raised that question then. Furthermore, I agreed that having everyone involved with relocation was a good idea. I do not see any malpractice on my part. I only know that Paul called me and said he was going to be in trouble with the federal court if the case was not settled. IPLS had no money to pay him so I told Paul that I would call everyone for him and encourage everyone to bring the case to a close. That is all that I did other than to answer your questions of who was in what role at the time. Unlike you, keep in mind that when I was asked to help maintain the bonobo community here in Des Moines I did not agree to be pro bono counsel. I merely agreed to not pursue collection of my fees until it became economically solvent. That never happened and you cannot let go of the tigers tail once you accept responsibility. I could see no reason to get involved in that law suit. I am not a litigator so my becoming involved would not add much to the effort. I find no basis for you even suggesting that I did anything wrong.

Actually Bill Hopkins can respond to the DRC question. He said to "Please Bill Z that when Matata came to the USA, DRC was then Zaire. Therefore, ownership in this case belongs to a defunct country. To seriously suggest that DRC has or would make some claim to her is"... not realistic.

My recommendation is that we leave things as they are and come to some conclusions Wednesday how we can all cooperate on making the Des Moines facility the best research facility for bonobo in the world today, instead of maintaining this hostile environment. It is a waste of everyone's time.

Lyle

---

**From:** Zifchak, William [mailto:William.Zifchak@kayescholer.com]
**Sent:** Monday, June 02, 2014 9:01 AM
**To:** Lyle Simpson; 'lylesimpson@gmail.com'; 'geocaudill@aol.com'; 'jtaglial@kennesaw.edu'

1

**Subject:** Re: Response to your question. I could not get my computer to reply to all from your message. You will have to circulate this to whomever you deem appropriate

Lyle - you never told me that in your opinion Bonobo Hope has no ownership interest in the Bonobos. That will certainly shock the members of Bonobo Hope. Have you never read the settlement agreements in the interpleader action? Or the stipulation that Paul Burns filed with the federal court on behalf of IPLS?

Yes I do remember your pressuring everyone to sign the settlements, over my objection, You gave instructions as to how should sign for whom. The paper trail is quite clear on that.

In any case you were counsel to BHI at the time. If this has been your view all along, then you may well have committed malpractice.

What you are stating also suggests that IPLS effected transfer of title to the bonobos (and everything else) under a cloud. Among other things, IPLS was defunct at the time.
IPLS and ACCI cannot have it both ways: if the side agreement is void, then so is the main settlement agreement, and ownership remains an issue.

Does ACCI acknowledge DRC's rights in Matata, yes or no?

I think you folks better go back to the drawing board.

Regards,

Bill

---

**From:** Lyle Simpson [mailto:lsimpson@iowafirm.com]
**Sent:** Monday, June 02, 2014 09:20 AM Eastern Standard Time
**To:** Zifchak, William; 'lylesimpson@gmail.com' <lylesimpson@gmail.com>; 'geocaudill@aol.com' <geocaudill@aol.com>; 'jtaglial@kennesaw.edu' <jtaglial@kennesaw.edu>
**Subject:** RE: Response to your question. I could not get my computer to reply to all from your message. You will have to circulate this to whomever you deem appropriate

Bill Z

No I do not agree that Bonobo Hope owns an interest in the bonobo. That was never voted on by ay board. Sue has that notion. The separation of the IPLS board from the "science board" did not include transferring title to the ownership of the bonobos. The attorney representing IPLS did not present anything to the IPLS board.

My only knowledge or participation at that time was to tell everyone that the federal courts would not tolerate this case remaining open much longer and that it needed to go away,

IPLS did transfer title to the bonobo, the real estate and the personal property of IPLS to ACCI and it did accept title to those assets. I presume that if the federal case is final that the obligations of IPLS in the settlement agreement follow the bonobo. However, I have never really thought that through. I have simply assumed that ACCI stands in IPLS shoes. The reason for the creation of ACCI is twofold (1) IPLS ceased to have its corporate shield from liability that protected its board because of Sue's neglect to file the annual report and we could not reinstate it without having to pay an unemployment lien caused by Ted Townsend's

administration failing to pay Iowa unemployment insurance on its payroll. (2) Jared and Bill Hopkins wanted a new image in the scientific community. I did promise to show you that and I planned to show you the ACCI minute book and documentation you wish to see when we meet. I did not look upon this as a critical enough issue and I certainly have not been keeping anything from you.

I told you months ago the above. I also told you that I thought it was in everyone's best interest looking at it from the point of view of the bonobo, that I have always assumed was in effect my client, that everything rest where it is because if IPLS/ACCI were not to succeed it would provide the most interested people to resolve the future of the bonobo community. I also felt that should they be moved that Sue would be entitled to participate in that decision. I still personally feel that, but I have no idea how the ACCI would respond to that position as it has never been discussed. That is why I told you that if litigation ensue it is still an open issue and I would then recommend that issue be litigated.

That is not waffling.

Lyle

**From:** Zifchak, William [mailto:William.Zifchak@kayescholer.com]
**Sent:** Sunday, June 01, 2014 6:55 AM
**To:** 'lylesimpson@gmail.com'; 'geocaudill@aol.com'; 'jtaglial@kennesaw.edu'
**Subject:** Re: Response to your question. I could not get my computer to reply to all from your message. You will have to circulate this to whomever you deem appropriate


Good morning Lyle.

You know I am a better lawyer than that. You are using what back East we call "weasel words."

A big part of the problem is that you created ACCI to succeed IPLS. The purported reason doesn't matter. At the time you told me that ACCI would honor the settlement agreements, but I have never seen a legal document establishing that fact though you told me you would do so.

So let's take baby steps: does ACCI acknowledge today that BHI co-owns with ACCI at least 4 bonobos: Kanzi, Teco, Elykia and Nyota? And that DRC owns Matata singularly? This is a state of affairs that has no shades of grey. The answer is either yes or no.

I realize that were we to head back to court and reopen the settlement and proceedings that the parties might take conflicting positions. But Chief Judge Gritzner today might look askance that ACCI is not inclined to honor a settlement agreement signed by its predecessor and filed with his court and over which he has retained jurisdiction, I would be happy to go visit him with you and your spanking new pro bono counsel in tow this week to see if he agrees with me.

Please let me know.

Thanks,

Bill

**From:** Lyle Simpson [mailto:lylesimpson@gmail.com]
**Sent:** Sunday, June 01, 2014 07:28 AM Eastern Standard Time
**To:** Zifchak, William; lylesimpson@gmail.com <lylesimpson@gmail.com>; George Caudill, Jr <geocaudill@aol.com>; Jared Taglialatela <jtaglial@kennesaw.edu>
**Subject:** Response to your question. I could not get my computer to reply to all from your message. You will have to

3

circulate this to whomever you deem appropriate

Bill Z

If the federal litigation is now concluded, and not reopened, I expect that ACCI will fulfill the obligations of IPLS under the federal court settlement and side agreement. Of course, if the current federal litigation between Bonobo Hope and ACCI is reopened and it proceeds, or a new lawsuit is commenced against ACCI by Sue or Bonobo Hope, ACCI will assert the same claims and defenses as would IPLS.

I told you before that I personally believed that it is in the best interest of everyone to leave things as they are, looking at it from the point of reference of the bonobo at that time, because at that time there was no stability in IPLS and ACCI had not been formed. Until ACCI is stable this at least leaves available the most people who have interest and concern with the welfare of the bonobos so that we do not risk the Department of Agriculture determining their fate. Now that ACCI is becoming stable, or at least has light at the end of the tunnel, that is not such an issue as it was. Nevertheless if the bonobo community has to be moved I do agree that Sue should be part of that decision.

Lyle

--
Lyle L. Simpson
Simpson, Jensen, Abels, Fischer and Bouslog, PC
Attorneys and Counselors at Law
604 Locust Street
Suite 222, Equitable Building
Des Moines, Iowa 50309-3723
Office (515) 288-5000
Fax    (515) 288-7718
Cell   (515) 202-7777

\* \* \* \*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury
Department regulations, we inform you that any U.S. federal tax advice
contained in this correspondence (including any attachments) is not
intended or written to be used, and cannot be used for the purpose of (i)
avoiding penalties that may be imposed under the U.S. Internal
Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.

\* \* \* \*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury
Department regulations, we inform you that any U.S. federal tax advice
contained in this correspondence (including any attachments) is not
intended or written to be used, and cannot be used for the purpose of (i)
avoiding penalties that may be imposed under the U.S. Internal
Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.