IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST and APE COGNITION AND COMMUNICATION INSTITUTE,<br><br>        Plaintiffs,<br><br>v.<br><br>ZOOLOGICAL FOUNDATION OF GEORGIA, INC. d/b/a ZOO ATLANTA, DEMOCRATIC REPUBLIC OF CONGO, JAPAN MONKEY CENTRE INSTITUTE AND MUSEUM OF PRIMATOLOGY, SUE SAVAGE-RUMBAUGH, Ph. D., and BONOBO HOPE INITIATIVE, INC.,<br><br>        Defendants. | Case No. 4:10-cv-00052-JEG-RAW<br><br>**PLAINTIFFS' STATEMENT IN RESPONSE TO THE COURT'S RULING ON MOTION TO WITHDRAW AS COUNSEL FOR IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST** |

COMES NOW Plaintiffs Iowa Primary Learning Sanctuary d/b/a Great Ape Trust and Ape Cognition and Communication Institute, by and through counsel, and hereby provide their Statement in Response to the Court's Ruling on Motion to Withdraw as Counsel for Iowa Primary Learning Sanctuary d/b/a Great Ape Trust ("Ruling") (Dkt. No. 77), stating as follows:

1.  On June 24, 2014, attorney Paul D. Burns and his law firm, Bradley & Riley PC, who were at the time counsel of record for Plaintiff Iowa Primary Learning Sanctuary d/b/a Great Ape Trust ("IPLS"), filed a Motion to Withdraw as Counsel for [IPLS] (Dkt. No. 72).

2.  On July 14, 2014, the Court entered its Ruling conditionally granting the Motion to Withdraw subject to Mr. Burns' filing of a certificate confirming notice of the withdrawal was provided to IPLS.  On July 15, 2014, Mr. Burns filed the required certificate (Dkt. No. 78).

3.  In the Court's Ruling, it directed, in part:

>Not later than **August 14, 2014** IPLS shall file a statement with the Clerk of this Court stating (1) whether it intends to retain substitute counsel to represent it in this matter and, if so, what efforts it has made to obtain substitute counsel; or (2) if IPLS does not intend to obtain substitute counsel, how IPLS proposes to proceed. In conjunction with this response, IPLS should advise when it will be able to respond to the pending motion for specific performance [69].

4. Regarding item numbers (1) and (2) of the Ruling, concurrent with the filing of this Statement, the undersigned substitute counsel for IPLS have filed their Notice of Appearance herein (Dkt. No. 80). Accordingly, IPLS has addressed item (1) and, in doing so, made moot item (2).

5. Regarding the third item addressed in the Ruling, IPLS is aware of the Court's recent Ruling on Defendant Savage-Rumbaugh's Motion for Joinder of Party and Motion to Intervene by Bonobo Hope Initiative, Inc. (Dkt. No. 79). In that ruling, the Court concluded that the Motion for Joinder and Motion to Intervene should be granted, adding Ape Cognition and Communication Institute as a Plaintiff and adding Bonobo Hope Initiative, Inc. as an Intervenor Defendant. (*Id.*) The Court also directed "Dr. Rumbaugh shall serve her Motion for Specific Performance [69] on the new parties" and "[r]esponses to the motion [69] should be filed by **August 25, 2014.**" (*Id.*) Further, the Court stated it "may set a later date for response from IPLS upon receipt of response to the Court's order of July 14, 2014." (*Id.*)

6. Pursuant to the same Notice of Appearance (Dkt. No. 80) entered on behalf of IPLS, the undersigned counsel have also appeared herein on behalf of Plaintiff Ape Cognition and Communication Institute ("ACCI").

7. Dr. Savage-Rumbaugh's Motion for Specific Performance requests the following relief:

      a.    Declaring that the Ape Cognition & Communication Institute ("ACCI") is the legal successor to Plaintiff Iowa Primate Learning Sanctuary ("IPLS"), that the Settlement Agreement and Supplemental Agreement entered in resolution of this action are enforceable upon ACCI, as the successor entity to IPLS, enforcing rights under the Agreements, and resolving issues relating to the governance and administration of ACCI and BHI flowing from the Agreements; or in the alternative

      b.    Declaring that IPLS has ceased to exist and directing that custody and control of the bonobos be transferred forthwith to Dr. Rumbaugh and non-party Bonobo Hope Initiative, Inc. ("BHI"), as set out in the Agreements; or in the alternative

      c.    Declaring that the Settlement Agreement and Supplemental Agreement are null and void and reopening this litigation; and

      d.    Granting the related relief requested in ¶ 4 of the Memorandum [in Support of her Motion for Specific Performance]; and

      e.    Granting such other relief as the Court deems just and equitable.[1]

8.    In support of her Motion, Dr. Savage-Rumbaugh also filed a Memorandum in Support of her Motion for Specific Performance ("Memo") (Dkt. No. 69-1). Not surprisingly, the Memo sets forth a number of claims and allegations that she purports to support through various exhibits to the Memo.

9.    To the extent there is or was any doubt regarding what appears to be the key legal issue presented, ACCI acknowledges that it both views itself and contends that it is the legal successor to IPLS for purposes of the Settlement Agreement and Supplemental Agreement and that those agreements are enforceable upon ACCI as the successor entity to IPLS.

---

[1] The footnotes supplied in Dr. Savage-Rumbaugh's Motion for Specific Performance have been omitted for ease of reference herein. To ensure that there is no confusion, however, IPLS and ACCI acknowledge that "Settlement Agreement" as used in her Motion refers to the *Agreement for Settlement and Acknowledgment of Ownership*, by and between the Iowa Primate Learning Sanctuary, Zoological Foundation of Georgia, Democratic Republic of the Congo, and Dr. Rumbaugh, last to sign on February 17, 2013, attached to her Memorandum in Support of her Motion for Specific Performance as Exhibit A; and "Supplemental Agreement" refers to the *Supplemental Agreement for Settlement and Acknowledgement of Ownership*, by and between the Iowa Primate Learning Sanctuary, Emily Sue Savage-Rumbaugh, and Bonobo Hope Initiative, Inc., signed on January 31, 2013, attached to the Memo as Exhibit B.

3

10. Furthermore, paragraph 1(d) of the Motion for Specific Performance seeks certain additional relief, including an injunction, seemingly premised, at least, in part on concerns for the well-being of the bonobos. To the extent there is or was any doubt regarding this issue, all of the bonobos present at ACCI's facility in Des Moines have received and continue to receive the requisite care and attention due these special and well-loved apes. Regrettably, as noted by the Court in its Ruling, one of the bonobos, Matata, recently died. ACCI had a necropsy performed subsequent to her death, and has shared the results with Dr. Savage-Rumbaugh, Defendant Democratic of Republic of Congo, and individuals who are members of the board of directors of or otherwise affiliated with Intervenor Defendant Bonobo Hope Initiative, Inc.

11. IPLS and ACCI deny that Dr. Savage-Rumbaugh is entitled to all of the relief requested in her Motion for Specific Performance, particularly in light of the acknowledgements or statements set forth above. Nonetheless, ACCI, separately and as successor to IPLS for purposes of the Settlement Agreement and Supplemental Agreement, desires to resolve the ongoing underlying disputes that seemingly gave rise to Dr. Savage-Rumbaugh's Motion. ACCI believes ongoing or new litigation surrounding these issues is, ultimately, detrimental to the bonobos and thus contrary to ACCI's mission.

12. Counsel for ACCI was recently authorized to reach out to counsel for the Defendants who remain active herein to acknowledge IPLS' and ACCI's intent to file the present Statement, if necessary, and to otherwise renew negotiations to resolve the underlying controversy without significant additional expenditure of the parties' resources. This process is underway, but has not advanced to a point where it can be stated a resolution is imminent, or even possible.

13. Based on the circumstances described herein, IPLS respectfully requests that the

Court grant IPLS until August 25, 2014, to file a full response to Dr. Savage-Rumbaugh's Motion for Specific Performance. This deadline aligns with the present deadline for ACCI's response, which likely will become a joint response in light of the alignment of interests between these entities with respect to the issues raised in Dr. Savage-Rumbaugh's Motion. Furthermore, this additional time will give the parties an opportunity to continue their negotiations aimed at resolving the present matter.

14. IPLS and ACCI have conferred with Dr. Savage-Rumbaugh, by and through their respective counsel, regarding the proposed deadline for IPLS' response to the Motion for Specific Performance. Dr. Savage-Rumbaugh does not object to the presently-proposed deadline, but has expressed that she will object to any further extension of the deadline past August 25, 2014.

WHEREFORE, Plaintiffs Iowa Primary Learning Sanctuary d/b/a Great Ape Trust and Ape Cognition and Communication Institute respectfully request that this Court take notice of their present Statement; enter an Order setting as August 25, 2014, the deadline for IPLS to provide a full response to Dr. Savage-Rumbaugh's Motion for Specific Performance; and granting such other relief as the Court deems just.

Date: August 14, 2014

/s/ William J. Miller
William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000
Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
      melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

Original filed. Copy to:

Todd P. Langel
Faegre Baker Daniels LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309

William C. Zifchak
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Ross Neihaus
Kaye Scholer LLP
Three First National Plaza
70 West Madison Street, Suite 4200
Chicago, Illinois 60602

ATTORNEYS FOR DEFENDANTS
DR. SUE SAVAGE-RUMBAUGH,
PH.D. and BONOBO HOPE
INITIATIVE, INC.

Gregory M. Lederer
Kimberly K. Hardeman
Lederer Weston Craig, PLC
118 Third A venue Se, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406-1927
ATTORNEYS FOR DEFENDANT
JAPAN MONKEY CENTRE
INSTITUTE AND MUSEUM OF
PRIMATOLOGY

William W. Graham
Graham Ervanian & Cacciatore, LLP
317 Sixth Avenue
Suite 900
Des Moines, IA 50309
ATTORNEYS FOR DEFENDANT
DEMOCRATIC REPUBLIC OF
CONGO

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 14, 2014, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

**By:** Electronic Filing and/or
\_\_\_\_ U.S. Mail          \_\_\_\_ FAX
\_\_\_\_ Hand Delivered     \_\_\_\_ Overnight Courier
\_\_\_\_ E-mail              \_\_\_\_ Other _____

/s/ William J. Miller