IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST and APE COGNITION AND COMMUNICATION INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOLOGICAL FOUNDATION OF GEORGIA, INC. d/b/a ZOO ATLANTA, DEMOCRATIC REPUBLIC OF CONGO, JAPAN MONKEY CENTRE INSTITUTE AND MUSEUM OF PRIMATOLOGY, SUE SAVAGE-RUMBAUGH, Ph. D., and BONOBO HOPE INITIATIVE, INC.,<br><br>Defendants. | Case No. 4:10-cv-00052-JEG-RAW<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF RESISTANCE TO DEFENDANT SUE SAVAGE-RUMBAUGH, Ph. D.'s MOTION FOR SPECIFIC PERFORMANCE AND RELATED RELIEF**<br><br>**\*\*ORAL ARGUMENT REQUESTED\*\*** |

COME NOW Plaintiffs Iowa Primary Learning Sanctuary d/b/a Great Ape Trust ("IPLS") and Ape Cognition and Communication Institute ("ACCI"), pursuant to Local Rule 7, and hereby provide their Brief in Support of Resistance to Sue Savage-Rumbaugh Ph. D.'s Motion for Specific Performance and Related Relief ("Motion") (Dkt. No. 69), stating as follows:

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................2

II.  RELEVANT FACTUAL BACKGROUND....................................................................2

III. ARGUMENT....................................................................................................................3

    A.   There is No Dispute that ACCI is Bound Under the Agreements. .........................3

    B.   Dr. Savage-Rumbaugh is Not Entitled to the Additional Relief Requested in Her Motion....................................................................................................5

IV. CONCLUSION................................................................................................................7

**I.      INTRODUCTION**

IPLS and ACCI respectfully submit that there is no issue presented by Dr. Savage-Rumbaugh's Motion that requires resolution by this Court.  The Motion appears to have been filed based on a misunderstanding with respect to ACCI's intentions related to the underlying agreements at issue.  To the extent that characterization is inaccurate, ACCI nevertheless accepts that it is bound by the agreements, which acknowledgment seems to obviate the Motion in its entirety.  The Motion should be dismissed and the parties' ongoing litigation put to rest – through dismissal of this action and private resolution of any remaining controversies – so that the parties can pursue and fulfill their respective missions of advancing important research while maintaining the welfare of the bonobos at the heart of this matter.

**II.     RELEVANT FACTUAL BACKGROUND**

The present case arises against an extensive factual background that provides context for the specific issues presented by Dr. Savage-Rumbaugh's Motion but risks complicating the parties' and the Court's task in addressing those issues.  To greatly simplify this broader background, IPLS is an entity formed in 2001 by businessman Ted Townsend for the purpose of conducting federally-funded, internationally recognized research projects involving great apes. To advance this purpose, Townsend funded the construction of a state-of-the-art facility in Des Moines where great apes could be housed and researchers from around the world could work with the apes.  Unfortunately, Townsend later withdrew his support for this effort without making provision for the facility or its residents, and there has been an ongoing struggle by multiple parties – including those to this action – to try to fulfill Townsend's original vision while, quite simply, "keeping the doors open" at the Great Ape Trust.

As the Court is aware, the present case involves a group of bonobos transferred from

various locations for research originally conducted under the supervision of Dr. Savage-Rumbaugh. (*See* IPLS' Complaint for Interpleader (Dkt. No. 1)). By 2010, there existed a dispute about the ownership of these bonobos that in turn impacted the ability of the Great Ape Trust to continue its work. (*Id.*) Accordingly, the IPLS filed its Complaint for Interpleader seeking resolution of the disputed ownership issues. (*Id.*)

Before any trial in this matter, IPLS and the parties originally identified as Defendants in the caption entered into a settlement agreement. This agreement was memorialized in two written agreements that cross-referenced each other: (1) *Agreement for Settlement and Acknowledgment of Ownership*, by and between IPLS, Zoological Foundation of Georgia, Democratic Republic of the Congo, and Dr. Savage-Rumbaugh, last to sign on February 17, 2013, attached to Dr. Savage-Rumbaugh's Memorandum in Support of her Motion for Specific Performance ("Memo") as Exhibit A (the "Settlement Agreement"); and (2) the *Supplemental Agreement for Settlement and Acknowledgement of Ownership*, by and between the IPLS, Dr. Savage-Rumbaugh, and Intervenor Defendant Bonobo Hope Initiative, Inc. ("BHI"), signed on January 31, 2013, attached to the Memo as Exhibit B (the "Supplemental Agreement").

Of course, when the parties' Settlement Agreement was reached, it was further requested that this Court maintain jurisdiction over the parties with respect to enforcement of the Settlement Agreement and Supplemental Agreement (collectively, "the Agreements"). (*See* Unopposed Motion to Continue Jurisdiction (Dkt. No. 65)). In the months that followed, IPLS, Dr. Savage-Rumbaugh, and BHI have attempted to operate pursuant to their respective understandings of the Agreements as well as other agreements reached with respect to the implementation of the Agreements.

On June 13, 2014, Dr. Savage-Rumbaugh filed her present Motion (Dkt. No. 69) out of

an apparent concern that ACCI, IPLS' successor for purposes of the Agreements, was denying the existence of the Agreements or otherwise violating them.  IPLS and ACCI respectfully submit that this alleged issue with respect to the Agreement has, in fact, been resolved as far as this Court is concerned, and the Court should enter an order denying Dr. Savage-Rumbaugh's Motion and dismissing this case.

## III.  ARGUMENT

### A.  There is No Dispute that ACCI is Bound Under the Agreements.

Dr. Savage-Rumbaugh's Motion requests the following relief:

>  a. Declaring that the Ape Cognition & Communication Institute ("ACCI") is the legal successor to Plaintiff Iowa Primate Learning Sanctuary ("IPLS"), that the Settlement Agreement and Supplemental Agreement entered in resolution of this action are enforceable upon ACCI, as the successor entity to IPLS, enforcing rights under the Agreements, and resolving issues relating to the governance and administration of ACCI and BHI flowing from the Agreements; <u>or in the alternative</u>
>
>  b. Declaring that IPLS has ceased to exist and directing that custody and control of the bonobos be transferred forthwith to Dr. Rumbaugh and non-party Bonobo Hope Initiative, Inc. ("BHI"), as set out in the Agreements; <u>or in the alternative</u>
>
>  c. Declaring that the Settlement Agreement and Supplemental Agreement are null and void and reopening this litigation; and
>
>  d. Granting the related relief requested in ¶ 4 of the Memorandum [in Support of her Motion for Specific Performance]; and
>
>  e. Granting such other relief as the Court deems just and equitable.

(*Id.* (emphasis added, footnote defining the Agreements omitted)).

As alleged by Dr. Savage-Rumbaugh, her present Motion came about out of an apparent concern that ACCI "the purported successor entity to [IPLS], is trying to exercise complete ownership and control over all six of the bonobos housed at the former Great Ape Trust Facility, in contravention of its obligations under the Agreements."  (Memorandum in Support of her

4

Motion for Specific Performance at ¶ 1 ("Memo") (Dkt. No. 69-1)).  In support of this claim, Dr. Savage-Rumbaugh cites communications between counsel for ACCI and counsel to Dr. Savage-Rumbaugh and BHI.  (*See id.*)

ACCI regrets that its counsel's communications with opposing counsel were either unclear or failed to fully or accurately express ACCI's position with respect to the Agreements.  On August 15, 2014, IPLS and ACCI filed their joint Statement in Response to the Court's Ruling on Motion to Withdraw as Counsel for [IPLS] (Dkt. No. 81).  In their Statement, and in an effort to be absolutely clear with respect to its position, ACCI acknowledged that it both views itself and contends that it is the legal successor to IPLS for purposes of the Agreements and that those Agreements are enforceable upon ACCI.  (*Id.* ¶ 9).

Based on ACCI's acknowledgment with respect to the Agreements, it seems that the primary relief sought in Dr. Savage-Rumbaugh's Motion is already in existence, and that her Motion is moot.  Accordingly, this Court should enter an order denying Dr. Savage-Rumbaugh's Motion and dismissing this case so that the parties may continue to operate pursuant to the Agreements, which speak to issues addressed elsewhere in Dr. Savage-Rumbaugh's Motion, such as ownership of the bonobos and direction of research surrounding them.

**B.  Dr. Savage-Rumbaugh is Not Entitled to the Additional Relief Requested in Her Motion.**

Dr. Savage-Rumbaugh's Motion further includes a request that this Court "enforc[e] rights under the Agreements, and resolv[e] issues relating to the governance and administration of ACCI and BHI flowing from the Agreements."  (*Id.* ¶ 1(a)).  In addition, she seeks <u>alternative</u> relief and an injunction pending resolution of the issues raised in her Motion.  (*Id.* ¶¶ 1(b) to (d)).

IPLS and ACCI believe it is unclear what "rights" or "issues relating to the governance and administration of ACCI and BHI" Dr. Savage-Rumbaugh seeks to enforce, particularly in

light of the acknowledgment that ACCI is bound by the Agreements. (*Id.* ¶ 1(a)). In suggesting this issue is unclear, neither IPLS or ACCI, nor their counsel, intends to be glib or evasive in addressing the issues presented.

As noted in the Motion and in this resistance, there have been ongoing agreements, disagreements, and discussions between IPLS, ACCI, Dr. Savage-Rumbaugh, and/or BHI with respect to implementation of the Agreements. ACCI believes it is operating pursuant to the Agreements as well as other agreements reached with respect to the implementation of the Agreements. Based on discussions outside of the record, Dr. Savage-Rumbaugh and BHI appear to disagree in certain respects, but have not articulated these specific issues in her present Motion, or at least in a fashion that permits IPLS or ACCI to respond in a cogent manner.

One issue seemingly lurking in Dr. Savage-Rumbaugh's Motion relates to the transition between IPLS and ACCI. It appears, however, that Dr. Savage-Rumbaugh's arguments with respect to these issues were asserted to establish one of two theories: (1) consistent with the relief sought in subparagraph 1(a) of her Motion, that ACCI "is the legal successor to [IPLS], that the [Agreements] entered in resolution of this action are enforceable upon ACCI, as the successor entity to IPLS;" or (2) consistent with the relief sought in the alternative in subparagraphs (b) and (c) of her Motion, that IPLS "has ceased to exist and directing that custody and control of the bonobos be transferred forthwith to Dr. [Savage-]Rumbaugh and [BHI], as set out in the Agreements . . . [or] [d]eclaring that the [Agreements] are null and void and reopening this litigation." IPLS and ACCI reject any allegation in Dr. Savage-Rumbaugh's Motion (or otherwise) that the status of these entities involves any untoward conduct. Furthermore, it seems that any of the underlying circumstances with respect to the status of these entities does not bear on the issues presented by Dr. Savage-Rumbaugh's Motion in light of ACCI's acknowledgement

of the Agreements and their enforceability on ACCI.  In short, it does not appear that the Court needs to reach any issue with respect to IPLS' or ACCI's corporate existence.  Should the Court find it prudent to address the alternative relief, IPLS and ACCI respectfully request opportunity to address such a claim in further briefing or proceedings herein.

Paragraph 1(d) of Dr. Savage-Rumbaugh's Motion seeks certain additional relief, including an injunction, seemingly premised in part on concerns for the well-being of the bonobos.  This relief is completely unnecessary and, even if contemplated, certainly must be supported by additional evidence followed by argument by both parties.  As acknowledged in IPLS' and ACCI's recent Statement, IPLS and ACCI believe that all of the bonobos present at ACCI's facility have received and continue to receive the requisite care and attention due these special and well-loved apes.  (*Id.* ¶ 10).  Regrettably, one of the bonobos, Matata, recently died.  (*Id.*)  ACCI had a necropsy performed subsequent to her death, and has shared the results with Dr. Savage-Rumbaugh, BHI, and Defendant Democratic of Republic of Congo.  (*Id.*)  There is no indication – and has been no notice to IPLS or ACCI – that Matata's passing gives rise to any basis that may warrant an injunction.  If that is any other party's position, IPLS and ACCI again respectfully request opportunity to address such a claim in further briefing or proceedings herein.

## IV.   CONCLUSION

By noting that it is unclear to IPLS and ACCI what specific issues Dr. Savage-Rumbaugh is attempting to raise with respect to her alternative claims for relief, IPLS and ACCI do not desire to create further litigation with Dr. Savage-Rumbaugh or BHI.  As expressed repeatedly, the Great Ape Trust is barely eking by notwithstanding IPLS', ACCI's, and others' efforts to establish sustainable funding sources and maintain and enhance the research being conducted at the facility.  ACCI, separately and as successor to IPLS for purposes of the Agreements, desires

to resolve the ongoing underlying disputes that seemingly gave rise to Dr. Savage-Rumbaugh's Motion. While it is prepared to defend itself further if necessary, ACCI believes ongoing or new litigation surrounding these issues is unnecessary and, ultimately, detrimental to the bonobos and thus contrary to ACCI's mission. For all of the reasons identified, however, Dr. Savage-Rumbaugh's Motion must be denied and this case dismissed.

In light of the nature of the issues presented, including the areas for which it is unclear if further briefing or argument is or will be necessary, IPLS and ACCI respectfully request to be heard in oral argument with respect to Dr. Savage-Rumbaugh's Motion and their resistance.

WHEREFORE, Plaintiffs Iowa Primary Learning Sanctuary d/b/a Great Ape Trust and Ape Cognition and Communication Institute respectfully request that this Court enter an order denying Dr. Savage-Rumbaugh's Motion for Specific Performance; dismissing this case; and granting such other relief as the Court deems just.

Date: <u>August 25, 2014</u>

/s/ William J. Miller
William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000
Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
       melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

Original filed. Copy to:

Todd P. Langel
Faegre Baker Daniels LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309

William C. Zifchak
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Ross Neihaus
Kaye Scholer LLP
Three First National Plaza
70 West Madison Street, Suite 4200
Chicago, Illinois 60602

ATTORNEYS FOR DEFENDANTS
DR. SUE SAVAGE-RUMBAUGH,
PH.D. and BONOBO HOPE
INITIATIVE, INC.

Gregory M. Lederer
Kimberly K. Hardeman
Lederer Weston Craig, PLC
118 Third A venue Se, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406-1927
ATTORNEYS FOR DEFENDANT
JAPAN MONKEY CENTRE
INSTITUTE AND MUSEUM OF
PRIMATOLOGY

William W. Graham
Graham Ervanian & Cacciatore, LLP
317 Sixth Avenue
Suite 900
Des Moines, IA 50309
ATTORNEYS FOR DEFENDANT
DEMOCRATIC REPUBLIC OF
CONGO

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 25, 2014, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

**By:**   Electronic Filing and/or
    \_\_\_\_ U.S. Mail    \_\_\_\_ FAX
    \_\_\_\_ Hand Delivered    \_\_\_\_ Overnight Courier
    \_\_\_\_ E-mail    \_\_\_\_ Other \_\_\_\_

/s/ William J. Miller