**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST and APE COGNITION & COMMUNICATION INSTITUTE, | 4:10-cv-00052-RAW |
| Plaintiff(s), | |
| vs. | |
| ZOOLOGICAL FOUNDATION OF GEORGIA, INC. d/b/a ZOO ATLANTA; DEMOCRATIC REPUBLIC OF CONGO; JAPAN MONKEY CENTRE INSTITUTE AND MUSEUM OF PRIMATOLOGY and SUE SAVAGE-RUMBAUGH, Ph.D., | FURTHER COMMENT OF DR. SAVAGE-RUMBAUGH AND BONOBO HOPE INITIATIVE ON PLAINTIFF ACCI'S RESPONSE TO THE COURT'S JANUARY 13, 2016 ORDER |
| Defendant(s). | |
| and BONOBO HOPE INITIATIVE, INC., | |
| Intervenor Defendant. | |

Defendant Dr. Savage-Rumbaugh ("Dr. Rumbaugh") and Intervenor Defendant Bonobo

Hope Initiative, Inc. ("BHI"), pursuant to this Court's January 13, 2016 Order (Docket No. 153),

respectfully submit the following commentary on Plaintiff ACCI's Response to the Court's

January 13, 2016 Order.  (Docket No. 154).  The commentary consists of the following exhibits:

    a)  Affidavit of Dr. Savage-Rumbaugh;

    b)  Affidavit of Ryan Sheldon;

    c)  Affidavit of Douglas Pernikoff, DVM;

    d)  Memorandum dated February 2, 2015 [sic – the memorandum was created in 2016] with attachments, from representatives of the Iowa Flood Center at the University of Iowa's College of Engineering; and

    e)  Opinion of Site Flood Conditions, dated February 6, 2016, with attachments, from the engineering firm ARUP.

Briefly, while ACCI now reluctantly acknowledges, as per this Court's January 13 mandate, that evacuation should be the goal in a threatened major flood, and they "commit to making every reasonable effort to evacuate the bonobos before flood waters reach the buildings," nevertheless they fail to address the many gaps in their disaster "plan" identified by Defendants that doom any evacuation effort to failure.

Counsel for ACCI filed its proposed Flood Response Protocol ("Protocol") with the Court on December 1, 2015 pursuant to the Court's Order dated November 2, 2015 ("November 2 Order"). In the November 2 Order, the Court acknowledged that there is a "<u>known risk</u> to Maisha's safety from periodic flooding of the nearby Des Moines River" and that "this merits further inquiry into what <u>provisions</u> have been made to protect Maisha <u>and the other bonobos</u> from that <u>eventuality</u>." (Id. at 41)[1] (emphasis added).

On December 3, 2015, the Court granted BHI's and Dr. Rumbaugh's motion for leave to comment on that Protocol, and Defendants did so in a comprehensive critique dated December 17, 2015 (Docket No. 151).

Defendants identified many defects in the ACCI Protocol, which were detailed in an accompanying affidavit of Dr. Rumbaugh and the several exhibits thereto.

Among these defects were that the draft Protocol proceeded from the now-discredited premise that keeping the bonobos in place during flood conditions is a viable alternative; and as a consequence set forth <u>inadequate evacuation procedures</u>, including for example unrealistic ape anesthetizing procedures, and failing to designate an attending veterinarian with requisite

---

[1]  In the settlement agreement finalized on January 31, 2013, IPLS d/b/a ACCI gave assurances to Dr. Savage-Rumbaugh (and in the Supplemental Agreement, to BHI as well) that it would "take all reasonable precautions to ensure [Maisha's] complete safety" (See Order, p. 38), as well as the complete safety of the other resident bonobos, in futuro.

experience with such evacuations.  (Dr. Gilmore of ACCI has no such experience.); identified inappropriate relocation venues, to wit, the Blank Park Zoo and an airplane hangar; and perhaps most troubling, ignores the opinion of two flood engineering experts that for a variety of reasons evacuation is necessary before the entry road floods and therefore well before the buildings themselves flood, while at the same time placing the decision whether to evacuate largely in the hands of an apparent novice, the current site supervisor.

ACCI now tacitly admits that its purported plan to relocate the bonobos temporarily to a nearby zoo or airplane hangar is ill-conceived.  It resorts to finger pointing at Defendants to deflect from an honest appraisal of its own inadequate, speculative plan.[2]  All of this renders ACCI's promise to elevate evacuation to the primary goal in a flood emergency, an empty one.

ACCI has conducted itself throughout this proceeding on the false premise that it is the sole arbiter of the appropriate measures to provide "competent care" and to ensure the "complete safety of the bonobos," particularly in the event of a flood warranting evacuation.  Nothing could be further from the truth.  Since, as the Court acknowledged in its January 13 Order, "the Protocol includes all of the bonobos [and] the Court has referred to the entire colony in this Order," (p. 1 n.1) (emphasis added) by definition the Protocol concerns four bonobos of which BHI is the rightful co-owner.  Neither settlement agreement imposes any limitation on BHI's rights as co-owner as pertains to securing the bonobos' safety from natural disasters.  Yet nowhere does ACCI concede nor, apparently, does this Court yet acknowledge, that BHI thereby should have at least an equal voice in adopting a flood or other disaster protocol or fleshing out

---

[2]   As previously noted, it also is contrary to the express preference in the settlement agreement that relocation be to a private sanctuary, and makes no provision for continuation of the requisite animal research that is mandated by the settlement during the many months that the Facility is likely rendered uninhabitable by a flood.  ACCI nowhere in its Response addresses this contention.

realistic evacuation plans.  Rather, to date, ACCI and frankly this Court have relegated BHI to the role of back-bencher.  Although the Court has declined jurisdiction over the side agreement that awards BHI co-ownership rights, nothing prevents the Court's evaluation of the flood protocol from being informed by these co-ownership rights, since the Court has already acknowledged that the flood protocol affects all 5 bonobos equally.

The two expert opinions submitted herewith together recommend objective criteria to be utilized for evacuation and IFC in particular requests permission to conduct an on-site study to further refine these criteria.  They also emphasize that the Facility is at greater chronic risk of flooding than previously assumed.  We urge the Court to review these opinions closely.

Accordingly, BHI and Dr. Rumbaugh renew, and amplify, their request for the following relief:

1.      That the Court reject ACCI's proposed Flood Response Protocol in its entirety as inadequate and in breach of the settlement agreement(s).

2.      That it approve the counter-proposed protocol previously submitted by BHI and Dr. Savage-Rumbaugh and order ACCI to adopt it and implement and comply with it forthwith.

3.      That, in the alternative, the Court order the immediate relocation of the bonobos to the sanctuary in Osceola, Missouri.

4.      That, in the alternative, the Court hold further proceedings on the flood danger issue not inconsistent with its November 2 and January 13 Orders, including ordering ACCI to promptly disclose in writing any and all plans entered into or proposed to be entered into with Blank Park Zoo, and directing that representatives of the Iowa Flood Center undertake an on-site study of the potential for flooding at the Facility.

5.      That, in the alternative, the Court appoint a Special Master pursuant to Federal Rule 53, at ACCI's sole expense, to make "further inquiry" into this issue and in due course issue a Report to the Court.

6.      That, in the alternative, the Court order ACCI to promptly meet and confer with BHI until a mutually agreeable flood protocol has been accomplished.

7.      That the Court order such other relief as it deems just and proper.

WHEREFORE, based upon the accompanying affidavits of Dr. Savage-Rumbaugh, Dr. Douglas Pernikoff and Mr. Ryan Sheldon, and the several exhibits and appendices thereto, together with Defendants' December 17 submission, Dr. Rumbaugh and BHI hereby respectfully move that the Court grant the relief requested.

DATED:  February 16, 2016            KAYE SCHOLER LLP

                                     /s/ Ross Neihaus

                                     Ross Neihaus, Esq.*
                                     Three First National Plaza
                                     70 West Madison Street, Suite 4200
                                     Chicago, IL 60602-4231
                                     Tel:  312 583 2300
                                     Fax:  312 583 2360
                                     ross.neihaus@kayescholer.com
                                     *admitted pro hac vice

                                     William C. Zifchak*
                                     250 West 55th Street
                                     New York, NY 10019-9710
                                     Tel:  212-836-8743
                                     Fax:  212-836-6743
                                     Cell:  347-525-5103
                                     william.zifchak@kayescholer.com
                                     *admitted pro hac vice

FAEGRE BAKER DANIELS LLP

Todd P. Langel
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8011
Tel:  515-248-9000
Fax:  515-248-9010
todd.langel@faegrebd.com

<u>Certificate of Service</u>

The undersigned hereby certifies that a true copy of the foregoing Further Comments of Dr. Savage-Rumbaugh and Bonobo Hope Initiative on Plaintiff ACCI Flood Response to the Court's January 13, 2016 Order was served upon the following parties through the ECF system on the 16th day of February, 2016.

William W. Graham
Graham Ervanian & Cacciatore, LLP
317 Sixth Avenue
Suite 900
Des Moines, IA 50309

Gregory M. Lederer
Kimberly K. Hardeman
Lederer Weston Craig, PLC
118 Third Avenue SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406-1927

Jack Pennington
Simpson, Jensen, Abels, Fischer & Bouslog, P.C.
604 Locust Street, Ste. 222
Des Moines, IA 50309

William J. Miller
Brian Melhus
Dorsey & Whitney
801 Grand Avenue, Suite 4100
Des Moines, IA 50309

/s/ Ross Neihaus