IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IOWA PRIMATE LEARNING SANCTUARY d/b/a GREAT APE TRUST and APE COGNITION & COMMUNICATION INSTITUTE,<br><br>Plaintiff(s),<br><br>vs.<br><br>ZOOLOGICAL FOUNDATION OF GEORGIA, INC. d/b/a ZOO ATLANTA; DEMOCRATIC REPUBLIC OF CONGO; JAPAN MONKEY CENTRE INSTITUTE AND MUSEUM OF PRIMATOLOGY and SUE SAVAGE-RUMBAUGH, Ph.D.,<br><br>Defendant(s).<br><br>and BONOBO HOPE INITIATIVE, INC.,<br><br>Intervenor Defendant. | 4:10-cv-00052-RAW<br><br><br><br>FURTHER COMMENT OF DR. SAVAGE-RUMBAUGH AND BONOBO HOPE INITIATIVE ON PLAINTIFF ACCI'S RESPONSE TO THE COURT'S APRIL 5, 2016 ORDER |

Defendant Dr. Savage-Rumbaugh ("Dr. Rumbaugh") and Intervenor Defendant Bonobo Hope Initiative, Inc. ("BHI") (together, "Defendants"), pursuant to this Court's July 6, 2016 Order (Docket No. 164), respectfully submit the following commentary on Plaintiff ACCI's Response to the Court's April 5 Order. (Docket No. 163). The commentary consists of the following exhibits:

1) Affidavit of Dr. Savage-Rumbaugh, with exhibits; and
2) Affidavit of Elizabeth Pugh.

Briefly, as per this Court's January 13, 2016 mandate (Docket No. 153), evacuation of the bonobos should be the goal in a threatened major flood; and in its February 3, 2016 Response (Docket No. 154), ACCI "commit[ted] to making every reasonable effort to evacuate the

bonobos before flood waters reach the buildings." Nevertheless, ACCI continues to fail to address the many gaps in their disaster "plan" identified by Movants that doom any evacuation effort to failure, and the bonobos to near certain harm.

Counsel for ACCI filed a proposed Flood Response Protocol ("Protocol") with the Court on December 1, 2015 pursuant to the Court's Order dated November 2, 2015 ("November 2 Order"). In the November 2 Order, the Court acknowledged that there is a "known risk to Maisha's safety from periodic flooding of the nearby Des Moines River" and that "this merits further inquiry into what provisions have been made to protect Maisha and the other bonobos from that eventuality." (*Id*. at 41)[1] (emphasis added).

On December 3, 2015, the Court granted Defendants' motion for leave to comment on that Protocol, and Defendants did so in a comprehensive critique dated December 17, 2015 (Docket No. 151).

Defendants identified many defects in the ACCI Protocol, which were detailed in an accompanying affidavit of Dr. Rumbaugh and the several exhibits thereto.

Among these defects were that the draft Protocol proceeded from the now-discredited premise that keeping the bonobos in place during flood conditions is a viable alternative; and as a consequence set forth inadequate evacuation procedures, including, for example, unrealistic ape anesthetizing procedures, and failing to designate an attending veterinarian with requisite experience with such evacuations (Dr. Gilmore of ACCI has no such experience.); identified inappropriate relocation venues, to wit, the Blank Park Zoo and an airplane hangar; and, perhaps

---

[1] In the settlement agreement finalized on January 31, 2013, IPLS d/b/a ACCI gave assurances to Dr. Savage-Rumbaugh (and in the Supplemental Agreement, to BHI as well) that it would "take all reasonable precautions to ensure [Maisha's] complete safety" (See Order, p. 38), as well as the complete safety of the other resident bonobos, in futuro.

2

most troubling, ignored the opinion of two flood engineering experts that for a variety of reasons evacuation is necessary <u>before</u> the entry road floods and therefore well before the buildings themselves flood, while at the same time placing the decision whether to evacuate largely in the hands of an apparent novice, the site supervisor (since fired).

As a consequence of Defendants' due diligence, by Order dated January 13, 2016 (Docket No. 153), this Court ordered ACCI to conduct a further review and refinement of the Protocol; ACCI submitted an amended protocol as instructed on February 3, 2016. (Docket No. 154).

On February 16, 2016, with leave of the Court, Defendants submitted further commentary on ACCI's February 3 Response. (Docket No. 155). Again, Movants identified major defects in ACCI's proposal, including the lack of a firm and viable agreement with a third party to host evacuated bonobos in a flood emergency, and a skeletal procedure that failed to ensure a timely evacuation decision.

Accordingly, by Order dated April 5, 2016 (Docket No. 157), the Court, noting that the settlement(s) impose "a duty [on ACCI] to take precautions to protect Maisha from the <u>known risk</u> of flooding" and by implication to protect the other four bonobos, ordered ACCI to do the following:

(i) file for further review an Amended Flood Response Protocol "amended to reflect a <u>reliable plan</u> for the bonobos to be evacuated on an emergency basis to the zoo or other suitable facility willing to receive them, in short, that they have a place to go";

(ii) produce the MOU with the Zoo;

(iii) further amend the Protocol to "<u>clearly</u> provide for a rapid evacuation decision and <u>clarify</u> the decision-making process"; and

(iv) further amend the Protocol to provide that ACCI "will provide <u>immediate</u> notification of the [evacuation] decision to a designated

3

> representative of BHI and the circumstances which caused it.'"
> (emphasis added)

(pp. 19-20).

Since the Court again acknowledged that "the Protocol includes <u>all</u> of the bonobos [and] the Court has referred to <u>the entire colony</u> in this Order," (p. 1 n.1) (emphasis added), by definition, the Protocol concerns four bonobos of which BHI is the rightful co-owner. Neither settlement agreement imposes <u>any</u> limitation on BHI's rights as co-owner as pertains to securing the bonobos' safety from natural disasters. Yet nowhere does ACCI concede nor, apparently, does this Court yet acknowledge, that BHI thereby should have at least an <u>equal</u> <u>voice</u> in adopting a flood or other disaster protocol or fleshing out realistic evacuation plans. Although the Court has declined jurisdiction over the side agreement that awards BHI co-ownership rights, nothing prevents the Court's evaluation of the flood protocol from being informed by these co-ownership rights, since the Court has already acknowledged that the flood protocol affects <u>all</u> 5 bonobos equally.

The two expert opinions submitted on February 16, 2016 recommend objective criteria to be utilized for evacuation and IFC in particular requests permission to conduct an on-site study to further refine these criteria. They also emphasize that the Facility is at greater chronic risk of flooding than previously assumed. Again, we urge the Court to review these opinions closely. One further observation bears mentioning: the Court in its April 5, 2016 ruling remarked that "ACCI has every incentive to protect the bonobos" (Docket 157 at 19). From this premise, the Court appears to draw the conclusion that ACCI has every reason to craft and implement an effective evacuation plan, and its analysis of the dispute seems to be colored by this view.

This is a fallacious conclusion. Because of the design of the Settlement Agreements, in fact, ACCI has every reason <u>not</u> to evacuate the bonobos. For once it does so, as this Court

alluded elsewhere in its April 5 Order, the Facility may well "cease to exist" within the meaning of the settlements: the Facility may be rendered uninhabitable because of another flood; the bonobos, even if they survive an evacuation, face an uncertain existence at the Zoo and it is dubious to assume that any of the research mandated to continue by the settlement will proceed in a coherent and meaningful manner. Once the sanctuary "ceases to exist," Defendants' succeed to ACCI's authority to relocate the bonobos. ACCI's preference in keeping the bonobos in place during a flood was obvious on the face of its first proposed flood protocol, which this Court rejected by Order dated April 5, 2016. (Docket 157).

Accordingly, BHI and Dr. Rumbaugh renew, and amplify, their request for the following relief:

1.  That the Court reject ACCI's proposed amended Flood Response Protocol and MOU with Blank Park Zoo in whole or in part as inadequate and in breach of the settlement agreement(s).

2.  That it approve the counter-proposed protocol submitted by BHI and Dr. Savage-Rumbaugh on December 17, 2016 (Dkt. 147-1) and order ACCI to adopt it and implement and comply with it forthwith.

3.  That, in the alternative, the Court order the immediate relocation of the bonobos to the sanctuary in Osceola, Missouri or a suitable alternative sanctuary.

4.  That, in the alternative, the Court hold further proceedings on the flood danger issue not inconsistent with its November 2, January 13 and April 5 Orders, including ordering ACCI to promptly disclose in writing any and all correspondence with Blank Park Zoo, allow Movants discovery, and directing that representatives of the Iowa Flood Center undertake an on-site study of the potential for flooding at the Facility.

5. That, in the alternative, the Court appoint a Special Master pursuant to Federal Rule 53, at ACCI's sole expense, to make "further inquiry" into this issue and in due course issue a Report to the Court.

6. That, in the alternative, the Court order ACCI to promptly meet and confer with BHI until a mutually agreeable flood protocol has been accomplished.

7. That the Court order such other relief as it deems just and proper.

WHEREFORE, based upon the accompanying affidavit of Dr. Savage-Rumbaugh and the several exhibits and appendices thereto, together with Defendants' December 17, 2015 and February 16, 2016 submissions and the several exhibits and appendices thereto, Dr. Rumbaugh and BHI hereby respectfully move that the Court grant the relief requested.

DATED:  August 5, 2016                    FAEGRE BAKER DANIELS LLP

                                                /s/ Todd Langel

Todd P. Langel
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8011
Tel:  515-248-9000
Fax:  515-248-9010
todd.langel@faegrebd.com

KAYE SCHOLER LLP

William C. Zifchak*
250 West 55th Street
New York, NY 10019-9710
Tel:  212-836-8743
Fax:  212-836-6743
Cell:  347-525-5143
william.zifchak@kayescholer.com
*admitted pro hac vice

Ross Neihaus, Esq.*
Three First National Plaza
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel:  312 583 2300
Fax:  312 583 2360
ross.neihaus@kayescholer.com
*admitted pro hac vice

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 5, 2016, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By:  Electronic Filing and/or
\_\_\_\_\_ U.S. Mail             \_\_\_\_\_ FAX
\_\_\_\_\_ Hand Delivered        \_\_\_\_\_ Overnight Courier
\_\_\_\_\_ Email                 \_\_\_\_\_ Other _____

/s/  Todd P. Langel_____